IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICH AUREL, #317239 | * | |
| Plaintiff | | |
| v. | * | CIVIL ACTION NO. ELH-18-13 |
| DR. AVA JOUBERT | * | |
| HOLLY L. PIERCE, CRNP | | |
| RN WILLIAM BEEMAN | * | |
| MAHBOOD ASHRAF, MD | | |
| WEXFORD HEALTH SOURCES, INC. | * | |
| Defendants. | | |

*****

**<u>MEMORANDUM</u>**

On January 2, 2018, the court received a prisoner civil rights action (ECF 1) and a motion for leave to proceed in forma pauperis (ECF 2) filed by Mich Aurel,[1] an inmate confined at the North Branch Correctional Institution ("NBCI"). Aurel opines that since 2009, medical personnel are "killing" him by failing to provide him with medications in light of test results from 2009 that show that Hepatitis A and B antibodies have been detected.

Aurel contends that in December of 2017, he had a meeting at NBCI with prison officials, medical and correctional staff and social workers, and was denied (1) pain medication for injuries sustained from a March 2016 fall from his top bunk; and (2) a back brace, cane, and wheel chair for those injuries. He alleges that the fall is "causing me to limp and constant pain with every step I take." Aurel further asserts that he has been denied medication for "pain to the throat, 'lymph' in the neck, difficulty swallowing food, constant hoarseness, pain to the ears and lymph nodes on both

---

[1] The Maryland Department of Public Safety and Correctional Services ("DPSCS") lists plaintiff as Mich Aurel on its "inmate locator" website. Although plaintiff was prosecuted as Aurel Mich in the Maryland courts, I will refer to him per the DPSCS designation of Mich Aurel.

sides of [the] neck." He also complains that he is being denied treatment for chronic constipation, abdominal pain, infection in the colin [sic] and blood in stool. Aurel states he is suffering from both liver and kidney failure, as well as the loss of his eyesight. He claims that he has been denied medical treatment and medication to "all the illnesses noted herein. Aurel asks to be treated by a specialist at the University of Maryland Medical System or Johns Hopkins Hospital. ECF 1 at 3-7.[2] Additionally, he seeks nominal, compensatory and punitive damages. *Id.*, p. 8.

This case represents one of forty actions Aurel has filed in this court over the past five years.[3] In three of those cases Aurel was granted leave to proceed in forma pauperis pursuant to the

---

[2] All page citations refer to the electronic pagination that appears through CM/ECF.

[3] In addition to this action, Aurel previously filed thirty-nine cases in this court, all but four of which have been assigned to me. They are *Aurel v. United States.*, Civil Action No. JKB-11-1297 (D. Md.); *Aurel v. Wexford*, Civil Action No. ELH-13-3721 (D. Md.); *Aurel v. Jefferson, et al.*, Civil Action No. ELH-14-352 (D. Md.); *Aurel v. Shearin, et al.*, Civil Action No. ELH-14-374 (D. Md.); *Aurel v. Jessup Correctional Institution Mail Room,* Civil Action No. ELH-14-958 (D. Md.); *Mich v. Nice, et al*., Civil Action No. JKB-14-1397 (D. Md.); *Aurel v. North Branch Correctional Institution, et al.*, ELH-14-3036 (D. Md.); *Mich v. Yacenech, et al.*, Civil Action No. JKB-14-1473 (D. Md.); *Aurel v. Wexford Health Sources, Inc., et al.*, Civil Action No. ELH-15-1797 (D. Md.); *Aurel v. Pennington, et al.,* Civil Action No. JKB-14-1859 (D. Md.); *Aurel v. Mail Room at North Branch Correctional Institution, et al*., ELH-14-2813 (D. Md.); *Aurel v. Warden*, ELH-15-258 (D. Md.); *Aurel v. Warden*, ELH-15-1127 (D. Md.); *Aurel v. Warden.*, ELH-15-1128 (D. Md.); *Aurel v. Miller, et al.*, ELH-15-1422 (D. Md.); *Aurel v. Kammauf, et al.*, ELH-15-1581 (D. Md.); *Aurel v. Gainer, et al.*, ELH-15-1750 (D. Md.); *Aurel v. Twigg*, ELH-15-1920 (D. Md.); *Aurel v. Jones, et al.*, ELH-15-1928 (D. Md.); *Aurel v. Rose.*, ELH-15-2604 (D. Md.); *Aurel v. Thrasher*, ELH-15-3142 (D. Md.); *Aurel v. Sawyers, et al.*, Civil Action No. ELH-16-280 (D. Md.); *Aurel v. North Branch Correctional Institution, et al.*, Civil Action No. ELH-16-850 (D. Md.); *Aurel v. North Branch Correctional Institution, et al.*, Civil Action No. ELH-16-851 (D. Md.); *Aurel v. Wexford Health Sources, et al.*, Civil Action No. ELH-16-1293 (D. Md.); *Aurel v. Warden*, Civil Action No. ELH-16-1494 (D. Md.); *Aurel v. Nines*, Civil Action No. ELH-16-1839 (D. Md.); *Aurel v. Fornay, et al*., Civil Action No. ELH-16-2941 (D. Md.); *Aurel v. Nines, et al.*, Civil Action No. ELH-16-2942 (D. Md.); *Aurel v. Bohrer*, Civil Action No. ELH-16-3858; *Aurel v. Wexford Health Sources, Inc., et al.*, Civil Action No. ELH-17-335 (D. Md.); *Aurel v. Wexford Health Sources, Inc., et al.*, Civil Action No. ELH-17-336 (D. Md.); *Aurel v. Wexford, et al.*, Civil Action No. ELH-17-1201 (D. Md.);

provisions of 28 U.S.C. § 1915(a). Those cases were dismissed as frivolous or for the failure to state a claim. He was notified that the dismissals constituted "strikes" under § 1915(e),[4] and that a prisoner is not allowed to bring a civil action under the provisions of 28 U.S.C. § 1915 if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[5]

Because Aurel has had three cases previously dismissed under 28 U.S.C. § 1915(g), he may not procced in this action unless he (1) submits the full $400.00 civil filing fee or (2) moves to proceed in forma pauperis and provides particularized factual allegations establishing that he is subject to imminent danger of serious physical injury.

---

*Aurel v. United States of America/Maryland State*, Civil Action No. ELH-17-1230 (D. Md.): *Aurel v. United States of America, et al.*, Civil Action No. ELH-17-2158 (D. Md.); *Aurel v. Kammauf, et al.*, Civil Action No. ELH-17-3137 (D. Md.); *Aurel v. Hammons, et al.*, Civil Action No. ELH-17-3138 (D. Md.); *Aurel v. Zies, et al.*, Civil Action No. ELH-17-3520; *Aurel v. Talley, et al.*, Civil Action No. ELH-17-3624 (D. Md.); and *Aurel v. Ashraf, et al.*, Civil Action No. ELH-17-3695 (D. Md.).

[4] *See Mich v. Nice, et al.*, Civil Action No. JKB-14-1397 (D. Md.); *Aurel v. Gainer, et al.*, ELH-15-1750 (D. Md.); and *Aurel v. Jones, et al.*, ELH-15-1928 (D. Md.).

[5] Specifically, §1915(g) mandates:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Where, as here, Aurel claims that his serious medical conditions are not being addressed, the court must thoroughly review his allegations under the § 1915(g) exception. An examination of Aurel's case history shows that he has repeatedly grieved constitutional claims regarding his medical care at NBCI in this court. Aurel previously raised similar claims regarding the denial of medical care for "catastrophic injuries" sustained from the March 2016 fall from his bunk. *See Aurel v. Wexford Health Sources, Inc., et al.*, Civil Action No. ELH-16-1293 (D. Md.). And, he raised identical claims regarding his abdominal issues, constipation, positive occult blood samples, and liver disease (including hepatitis concerns) in several earlier cases: *Aurel v. Wexford*, Civil Action No. ELH-13-3721 (D. Md.); *Aurel v. Warden, et al.*, Civil Action No. 15-1127 (D. Md.); and *Aurel v. Wexford Health Sources, Inc., et al.*, Civil Action No. ELH-15-1797 (D. Md.). Finally, in 2017, Aurel complained that that he was being denied medical treatment for his multiple conditions. His claims were allowed to proceed as to allegations regarding his thyroid, ear, throat, tongue, and neck conditions. *See Aurel v. Wexford, et al.*, Civil Action No. ELH-17-1201 (D. Md.). The aforementioned medical issues were fully briefed throughout 2014 to 2017, and the court examined his claims and granted judgment in favor of the medical defendants as recently as January of 2018.

Because Aurel's medical claims have been addressed and determined to be without merit in his earlier cases, the court concludes that his conditions as alleged herein do not meet the exception to § 1915(g). Frankly, his claims that he has been denied treatment and care for his undocumented and non-existent condition is belied by the hundreds of pages of medical records and healthcare staff affidavits previously furnished to the court. *See Aurel v. Wexford Health Sources, Inc., et al.*, Civil Action No. ELH-16-1293 (D. Md.) at ECF 4-3; *Aurel v. Wexford*, Civil

Action No. ELH-13-3721 (D. Md.) at ECF 15-4 & ECF 15-5; *Aurel v. Warden, et al.*, Civil Action No. 15-1127 (D. Md.) at ECF 4-4 & ECF 7-2; and *Aurel v. Wexford, et al.*, Civil Action No. ELH-17-1201 (D. Md.) at ECF 13-4 & 13-5.

Aurel is barred from repeatedly restating his claims. He is cautioned that should he attempt to file future civil rights actions in this court, they must be accompanied by the civil filing fee, unless they contain substantive allegations that he is in imminent danger of serious physical harm.

Accordingly, Aurel's motion to proceed in forma pauperis shall be denied and his complaint shall be dismissed, without prejudice, by separate Order.

Date: February 1, 2018  \_\_\_\_/s/_____
Ellen L. Hollander
United States District Judge